UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
DIANE GUZMAN, on behalf of
ROBERT NELSON,

                Plaintiff,

        -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------X

05 Civ. 6086 (WHP) (DFE)

MEMORANDUM AND ORDER

WILLIAM H. PAULEY III, District Judge:

        Plaintiff filed this action for review of the final decision of the Commissioner of Social Security (the "Commissioner"), denying Guzman's application for Supplemental Social Security ("SSI") benefits on behalf of her son. On November 16, 2007, Magistrate Judge Douglas F. Eaton issued a Report and Recommendation (the "2007 Report") recommending an award of $4,242.80 in attorney's fees to James Baker, Esq. ("Baker") and $14,143.20 in attorney's fees and $1,179.00 in expenses to Stroock & Stroock & Lavan LLP ("Stroock"). Plaintiff filed an objection to the 2007 Report. For the following reasons, this Court adopts Magistrate Judge Eaton's thorough and well-reasoned 2007 Report.

## BACKGROUND

        In September 2005, Baker, a staff attorney at the Northern Manhattan Improvement Corporation, volunteered to represent Plaintiff, who had filed this action pro se. (2007 Report at 1.) In June 2006, Stroock volunteered to assist Baker on the case. (2007 Report at 1.) The administrative record in this routine SSI case is 116 pages. (2007 Report at 7.) In August 2006, the Commissioner moved for a reversal and remand to build the record, and in

September 2006, Plaintiff moved for judgment on the pleadings. (2007 Report at 1). On December 29, 2006, Magistrate Judge Eaton recommended granting Plaintiff's motion for judgment on the pleadings (the "2006 Report"). The Commissioner did not object to the 2006 Report. On February 5, 2007, this Court adopted the 2006 Report, reversing the Commissioner's determination that Plaintiff's son is not disabled and remanding the case to the Commissioner for calculation of benefits.

On March 19, 2007, Plaintiff moved for attorney's fees and expenses pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. The 2007 Report recommended awarding Baker and James Bernard, a partner at Stroock, their requested fees. (2007 Report at 4.) However, Magistrate Judge Eaton reduced the fee requested by Jennifer Arnett, a Stroock associate, refused to award the fees for a Stroock summer associate and paralegals, and reduced the expenses awarded to Stroock. (2007 Report at 4, 7-11.) On December 3, 2007, Plaintiff objected to the reduction of Arnett's fee.

This was Arnett's first SSI case. (2007 Report at 5.) Arnett worked a total of 195 hours on the case, but reduced her hours to 111.75 for the fee application. (2007 Report at 5.) After carefully reviewing Arnett's hours, Judge Eaton recommended awarding Arnett 70.40 hours at the statutory rate. (2007 Report at 7-9.)

## DISCUSSION

I. Standard of Review

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of a magistrate judge. 28 U.S.C. § 636(b)(1). This Court reviews de novo those parts of the 2007 Report to which objections are made, and reviews the remainder for clear

2

error on the face of the record. 28 U.S.C. § 636(b)(1); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

II. Motion for Attorney's Fees and Expenses

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . ." 28 U.S.C. § 2412. A Court has broad discretion to determine the amount of time reasonably expended. Hiciano v. Apfel, No. 98 Civ. 4037 (DLC), 2002 WL 1148413, at * 1 (S.D.N.Y. May 29, 2002). Routine Social Security benefits cases generally require twenty to forty hours of attorney time. Hiciano, 2002 WL 1148413, at * 2. Courts do not hesitate, however, to award fees in excess of that amount where the facts of the case warrant such an award. Hiciano, 2002 WL 1148413, at * 2. The Court of Appeals has noted that obtaining proficiency in federal regulatory schemes is "not beyond the grasp of a competent practicing attorney with access to a law library and the other accoutrements of modern legal practice," but it has not directly addressed whether an attorney should be compensated for that time under the EAJA.[1] Healey v. Leavitt, 485 F.3d 63, 70 (2d Cir. 2007).

This case was neither novel nor complex. The administrative record was only 116 pages. Because the Commissioner did not object to the 2006 Report, there was only one round

---

- [1] The Court of Appeals noted in dicta that, "[i]t might take attorneys . . . time to familiarize themselves with the [federal statute] and the issues involved . . . , but again this time may be compensated should they be successful in litigating the case and therefore should not operate as a disincentive for a less experienced attorney to take on a particularly meritorious case." Healey, 485 F.3d at 70 n.5. As Magistrate Judge Eaton observed, that footnote is ambiguous; beyond that, it is "an insignificant aside." Hon. Pierre N. Leval, Judging under the Constitution: Dicta about Dicta, 81 N.Y.U. L. Rev. 1249, 1250 (2006). The issue in Healey was whether the specialized expertise of plaintiffs' counsel entitled them to an hourly rate in excess of the presumptive maximum, not whether counsel should be compensated for the time it took to learn an unfamiliar area of law.

3

of briefing. Under these circumstances and having reviewed Arnett's hours and Magistrate Judge Eaton's recommended award, this Court finds that 70.40 hours at the statutory rate is a fair and reasonable award. The award of 70.40 hours certainly compensates Arnett for some of the time she spent familiarizing herself with SSI law. Moreover, a portion of Baker's and Bernard's time was also spent educating Arnett.

This Court finds that the remainder of the 2007 Report is not facially erroneous, and affirms and adopts it.

## CONCLUSION

For the foregoing reasons, this Court adopts the 2007 Report in full. The Defendant is directed to pay: (1) Baker (or his designee) $4,242.80 in attorney's fees; and (2) Stoock $14,143.20 in attorney's fees and $1,179.00 in expenses.

DATED: April 9, 2008
       New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Copies mailed to:*

The Honorable Douglas F. Eaton
United States Magistrate Judge

James L. Bernard, Esq.
Jennifer Arnett, Esq.
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038

James M. Baker, Esq.
Northern Manhattan Improvement Corporation
76 Wadsworth Avenue
New York, NY 10033
*Counsel for Plaintiff*

John E. Gura, Jr., Esq.
Assistant United States Attorney
86 Chambers Street
New York, NY 10007
*Counsel for Defendant*